IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLAH BURMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) Case No. CIV-07-762-F |
| v. | ) |
| | ) |
| JOSEPH SCIBANA, Warden, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner currently in custody at the Federal Correctional Institution (FCI) in El Reno, Oklahoma, and appearing *pro se*, has filed a document entitled "Petition for Writ of Habeas Corpus Ad Subjiciendum" in which he requests he be brought to the Court so that he may testify to "'unlawful restraint' of his liberty . . . ." Petition and attached Affidavit at p. 1. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1] For the following reasons, the undersigned finds that Petitioner has filed a successive habeas petition pursuant to 28 U.S.C. § 2241, and recommends dismissal for lack of jurisdiction under 28 U.S.C. § 2244(a). Alternatively, the petition is subject to dismissal because Petitioner has failed

---

[1] Rule 4 is applied in the discretion of the undersigned to this petition which is construed as a petition brought pursuant to 28 U.S.C. § 2241. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

1

to show that the relief under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his convictions.

Background

Petitioner previously filed a § 2241 petition in this Court on April 25, 2006, *Burman v. Scibana*, Case No. CIV-06-463-L (W.D. Okla.). According to the criminal history set forth in that case, Petitioner was convicted in June 2003 of possessing cocaine with intent to distribute and conspiring to distribute cocaine in the United States District Court for the District of Maryland. *See* Report and Recommendation at 2,3 [Doc. No. 8]. The Fourth Circuit Court of Appeals affirmed his convictions but vacated his sentence and remanded for resentencing. *United States v. Burman*, No. 03-4555, 2005 WL 2646897 (4th Cir. Oct. 17, 2005), *cert. denied,* 546 U.S. 1205 (2006).[2]

In that first petition,[3] Petitioner alleged that his "liberty [was] under unlawful restraint." *Burman v. Scibana*, Case No. CIV-06-463-L, Petition at 2, 3. [Doc. No. 1]. In a Report and Recommendation entered May 11, 2006, Magistrate Judge Gary Purcell construed "Petitioner's vague assertions in the petition and an attached affidavit," as "an attack upon the validity of his convictions entered in Maryland federal district court

---

[2]The Fourth Circuit found that Petitioner "raise[d] a litany of challenges to his conviction" which were held meritless without discussion; the Circuit Court also held that the district court's failure to provide Petitioner with a free transcript of his codefendant's trial did not implicate Petitioner's equal protection rights. *Burman*, 2005 WL 2646897, at *1. In response to Petitioner's Sixth Amendment challenge to the sentence he received, the Court concluded that his sentence had been erroneously determined (citing *United States v. Booker*, 543 U.S. 220 (2005) and remanded for resentencing. *Id.*

[3]This Court's records also reflect that on June 22, 2005, Petitioner filed a "Motion to Vacate Void Judgment Pursuant to rule 60(b)(4) of the Civil Judicial Procedure and Rules for Intrinsic Fraud." *Satterfield v. United States of America*, Case No. Civ-05-738-L. By order dated August 22, 2005, the Court found that the petition attacked the validity of his conviction in the District of Maryland, which action must be filed as a § 2255 motion in that court, and the matter was therefore dismissed for lack of jurisdiction. *Id.* [Doc. No. 9].

and/or the sentences for those convictions." *Id.*, Report and Recommendation at 3 [Doc. No. 8]. Judge Purcell further found that Petitioner had not shown that the § 2255 remedy was inadequate or ineffective, and therefore recommended that the petition be dismissed for lack of jurisdiction. *Id.* at 4. By order dated June 7, 2006, the district court adopted the Report and the case was dismissed. *Id.* [Doc. No. 10]. Petitioner did not file an appeal.

In the instant petition, Petitioner again asserts that he is in custody in violation of the Constitution and laws and treaties of the United States and that his liberty is being unlawfully restrained. As in his prior habeas action, Petitioner has attached to the cryptic petition affidavits listing "factors" in support of his claim of unlawful restraint. Although Petitioner cites and attaches numerous provisions of the United States Code concerning criminal procedure and United States maritime and territorial jurisdiction, the exact legal bases of his claims are difficult to discern. However, the petition, read together with the affidavits and exhibits, demonstrates that Petitioner is essentially challenging the validity of the federal convictions for which he is currently incarcerated. For example, Petitioner contends "The Federal Agency" has "exceeded its Constitutional authority" and has "wrongfully inflicted its statutes and codes" against him, because as a "private man" he is not a governmental officer or employee and is not affiliated with "the Federal Organization." Petition, attached "Affidavit of Negative Averment" at 1. Petitioner further claims that he was "never Duly convicted, as the law requires him to be." *Id.* at 2. Finally, it appears that Petitioner is contending the federal drug statues have been illegally applied to him because he is a "person." *Id.* at 3.

ANALYSIS

Characterization of the Petition

The existence of subject-matter jurisdiction is a threshold inquiry which must precede any merits-based determination of the instant action. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998). This requirement is "inflexible and without exception." *Id.* at 95 (internal quotation marks omitted). A petition filed under 28 U.S.C. § 2241 is the proper method for challenging the manner in which a federal or state sentence is being executed and must be filed in the district where the prisoner is confined. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* See also *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997) (stating that proceedings under 28 U.S.C. §§ 2254 and 2255 "are used to collaterally attack the validity of a conviction and sentence[]"). A petition under § 2241 "is not an additional, alternative, or supplemental remedy" to a § 2255 proceeding. *Bradshaw*, 86 F.3d at 166 (citations omitted). Regardless of Petitioner's characterization of the instant action and the vague nature of his allegations, the gravamen of the claims raised make it clear that Petitioner has filed what should be construed as a habeas petition pursuant to 28 U.S.C. § 2241, challenging the validity of his convictions in the Maryland federal district court.[4]

---

[4] As further discussed *infra*, in a subsequent pleading Petitioner recognizes that his petition seeks relief pursuant to 28 U.S.C. § 2241. Petitioner's "Motion to Show Cause Why A Section 2255 Motion is Inadequate" [Doc. No. 15].

Successive Petition

"A petitioner who previously filed a § 2241 petition in federal court may not file a successive habeas petition on the same issue(s), except as provided by 28 U.S.C. § 2255, if that court made a determination as to whether a writ should issue. *See Crawford v. Callahan*, No. 06-6181, 2006 WL 2981303 (10th Cir. Oct. 19, 2006) (unpublished decision)[5] (citing 28 U.S.C. § 2244(a) and *George v. Perrill*, 62 F.3d 333, 334 (10th Cir. 1995)).[6]

As noted above, this Court dismissed Petitioner's prior habeas petition based on a determination that Petitioner's application sought a remedy only available through a motion under 28 U.S.C. § 2255 and that Petitioner had failed to satisfy the so-called "savings clause" exception by showing that such remedy was inadequate and ineffective. *Burman v. Scibana*, Case No. CIV-06-463-L (W.D. Okla. June 7, 2006). In the present petition, Petitioner attempts to challenge his federal convictions and sentence raising essentially the same issues raised in the previous petition with the addition of another affidavit and numerous exhibits, including various federal statutory provisions. Therefore, because a determination requiring dismissal has been made "by a judge or court of the United States on a prior application for a writ of habeas corpus," the instant petition which raises the same claims, amounts to an impermissible successive § 2241

---

[5] This and any other unpublished dispositions cited herein are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

[6] A "successive petition" raises grounds identical to those raised and rejected on the merits on a prior petition, whereas the concept of "abuse of the writ" is founded on equitable principles, *i.e.*, the a habeas petition raises grounds that were available but not relied upon previously. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6, (1986) (quoting *Sanders v. United States*, 373 U.S. 1, 15-19 (1963)).

petition. *Crawford v. Callahan*, 2006 WL 2981303, at *1. Thus, the instant petition, should be dismissed for lack of jurisdiction. *See Thunder v. U.S. Parole Com'n.*, No. 05-1296, 2006 WL 281089, at *1 (10th Cir. Feb. 7, 2006) (unpublished) (affirming dismissal of second § 2241 petition and citing *George v. Perrill*, 62 F.3d at 334).

<u>Petitioner's Action Must Be Brought Pursuant to § 2255</u>

Even if the Court finds that the petition is not subject to dismissal as a successive petition, Petitioner's attempt to challenge the validity of his convictions and sentence in this action fails. Petitioner can make such a challenge to his conviction and sentence in a § 2241 petition only if he satisfies the "savings clause" in § 2255:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, *or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 (emphasis added). This exception is an extremely narrow one. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ("Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances.").[7] It is Petitioner's burden to show that the § 2255 remedy is inadequate

---

[7]As the Tenth Circuit explained in *United States v. Apodaca*, No. 03-8017, 2004 WL 179493, at *1 n.8 (10th Cir. Jan. 30, 2004) (unpublished):

Circumstances where courts have found or suggested the § 2255 remedy is inadequate or ineffective include instances where the sentencing court is abolished at the time petitioner seeks relief, *Spaulding v. Taylor*, 336 F.2d 192, 193 (10th Cir. 1964); where the sentencing court refuses to consider the petition or unreasonably delays its consideration, *Stirone v. Markley*, 345 F.2d 473, 475 (7th Cir.), *cert. denied*, 382 U.S. 829, 86 S.Ct. 67, 15 L.Ed.2d 73 (1965); where more than one court has sentenced the petitioner and no single court can accord complete relief, *Cohen v. United States*, 593 F.2d 766, 771 n. 12 (6th Cir. 1979); and where the gate keeping language of § 2255 bars retroactive application of a case that does not state a new rule of constitutional law, *Reyes-Requena v. United States*, 243 F.3d 893,

(continued...)

or ineffective. For the following reasons, the undersigned finds he has failed to meet this burden.

Petitioner has filed a "Motion to Show Cause Why A Section 2255 Motion is Inadequate" [Doc. No. 15], in which he claims that § 2241 relief is available because he is challenging the "legality of his detention and nothing else." He also asserts that his claims challenge "the execution of his sentence" and thus, "§ 2255 relief is unavailable." *Id.* ("Points and Authority for Proof of Claim to Show Cause Why a Section 2255 is Inadequate"), ¶¶ 2, 3, and 4. Such statements fail to demonstrate that the remedy under § 2255 is inadequate or ineffective. Rather, Petitioner appears to argue that his challenge is appropriate under § 2241 because he is challenging the execution of his sentence rather than the validity of his convictions and sentence. As previously discussed, the undersigned finds that Petitioner's challenge to the "legality of his detention" is in fact a challenge to the validity of his convictions and sentence which form the basis for his detention.[8] Therefore, if the instant petition is not found to be successive, it is

---

[7](...continued)
902 n. 20 (5th Cir. 2001) (allowing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on a showing of actual innocence).
None of these circumstances are suggested in this action.

[8]Petitioner does not indicate whether he has previously sought relief under § 2255. However, to the extent Petitioner has failed to timely file for relief under § 2255 or has previously been denied such relief, neither situation would establish that the remedy so provided is either inadequate or ineffective. *See Caravalho*, 177 F.3d at 1178 (holding that § 2255's substantive and procedural barriers do not render the § 2255 remedy inadequate or ineffective); *United States v. Keebler*, No. 02-4031, 2002 WL 31372573 (10th Cir. Oct. 22, 2002) (unpublished) (petitioner could not establish § 2255 remedy was inadequate or ineffective based on one-year limitation period; petitioner was "unable to successfully employ § 2255 because of his lack of diligence in pursuing his federal claims"); *Barron v. Fleming*, No. 01-6319, 2002 WL 244851, at *1 (10th Cir. Feb. 21, 2002) (unpublished) ("Merely because a § 2255 motion may be time barred does not render it inadequate or ineffective.").

To the extent Petitioner intends to challenge any sentence he has received after remand by the Fourth Circuit, he provides no information concerning his resentencing. If such sentencing has been
(continued...)

alternatively recommended that the petition be dismissed without prejudice because it plainly appears from the face of the petition that Petitioner is not entitled to proceed under § 2241. *See Purvis v. Wiley*, No. 06-1117, 2007 WL 196550, at *2-3 (10th Cir. Jan. 26, 2007) (unpublished decision); *Kokoski v. Callahan*, Nos. 05-6377, 06-6045, 2006 WL 2411458 (10th Cir. Aug. 22, 2006) (unpublished decision); *Gibson v. Fleming*, No. 01-6198, 2001 WL 1573669, at *2 (10th Cir. Dec. 11, 2001) (unpublished decision).[9]

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the "Petition for a Writ of Habeas Corpus Ad Subjiciendum," construed a successive petition brought pursuant to 28 U.S.C. § 2241, be dismissed for lack of jurisdiction. In the alternative, the § 2241 petition should be dismissed because Petitioner has failed to show that the relief under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his conviction. In light of this recommendation, it is further recommended that the following pending motions filed by Petitioner be denied as moot: "Motion in Pursuant of Rules of Appellate Procedure Rule 23 (C) Release Pending Review of Decision Ordering Release" [Doc. No. 11]; "Motion in Pursuant to § 2243 Issuance of Writ, Return, Hearing, Decision" [Doc. No. 12]; Motion for Declaratory Judgment [Doc. No. 14]; "Motion to Show Cause Why A

---

[8](...continued)
imposed, Petitioner has adequate remedies available to challenge his sentence, by direct appeal and a motion pursuant to § 2255.

[9]Moreover, this Court lacks jurisdiction to consider Petitioner's challenge to his conviction and sentence pursuant to 28 U.S.C. § 2255 because such a challenge must be filed in the District of Maryland where Petitioner was convicted. *See* 28 U.S.C. § 2255; *Haugh v. Booker*, 210 F.3d 1147, 1152 (10th Cir. 2000) ("Because a section 2255 motion must be brought in the district in which the defendant was sentenced, the district court here lacked jurisdiction.").

Section 2255 Motion is Inadequate" [Doc. No. 15]; and Petitioner's request for service of summons and copies of the petition [Doc. No. 16].

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by October 18, 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States of America*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of the Court is instructed to mail a copy of this Report and Recommendation to the United States Attorney for the Western District of Oklahoma on behalf of the Respondent.

ENTERED this 28th day of September, 2007.

*/s/ Bana Roberts*
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE